RECEIVED
OCT 3 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| EMICK J. PRICE, SR., ET AL | CIVIL ACTION NO. 05-1047 |
| VERSUS | JUDGE DOHERTY |
| UNIFAB INTERNATIONAL, INC., ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

In this *pro se* matter, the following motions requesting the dismissal of the claims of Murline Price have been filed:

- Defendants' Motion to Dismiss Plaintiff's Third Amending Complaint [Doc. 26]; and

- Motion to Dismiss, to Quash Service, for a More Definite Statement [Document 33].

The motions are opposed by Ms. Price. For the following reasons, both motions will be granted and the claims asserted herein will be dismissed.

As noted above, the plaintiffs in this matter are not represented by counsel. As a result, the allegations contained within their various pleadings have not been presented in the normal fashion, nor are the allegations and claims clearly articulated. In light of the plaintiffs' *pro se* status, however, this Court has reviewed very closely the allegations contained in all three of the complaints and, for purposes of ruling on the pending motions, reads the allegations as broadly as possibly can be justified. After conducting such a close reading, it appears that the claims asserted herein are based on two events: (a) Unifab's decision to terminate Mr. Price's employment, and (b) the State of Louisiana's decision to deny Mr. Price's application for unemployment benefits.

Specifically, and reading into the allegations as much as can be justified reasonably, it

appears that Mr. Price was employed by Unifab and was terminated after failing a drug screen. Arising out of that factual context, Mr. Price alleges claims for wrongful termination, racial discrimination, and other similar types of claims. These claims were asserted in the original complaint and in the first amending complaint [Docs. 1, 5] against two companies and two individuals, who will be referred to, collectively, as the "Unifab Defendants."[1] Thereafter, a third amending complaint was filed, in which was introduced those claims associated with Mr. Price's application for unemployment benefits.

The third amending complaint had the effect of substantially expanding the scope of this action: a new plaintiff was joined (Ms. Price – who is Mr. Price's sister – asserted a claim on her own behalf), new defendants were named (Kathleen Babineaux Blanco, John Warner Smith, and the Louisiana Department of Labor), and allegations were made concerning the State's denial of Mr. Price's application for unemployment benefits. Once again reading as much as can be justified into the factual allegations, it appears that Mr. Price sought unemployment benefits from the State of Louisiana and that the State made two decisions in connection with his application: (a) that Ms. Price would not be permitted to function as Mr. Price's "claimant representative" and (b) that Mr. Price's application would be denied. Arising out of this factual context, Mr. Price asserted claims against the parties who will be referred to collectively as "the Louisiana defendants."[2] Additionally, Ms. Price asserted claims arising out of the fact that the State of Louisiana denied her the right to act as her brother's "claimant representative." On the basis of the foregoing factual allegations, the

---

[1] Those parties are: Unifab International, Inc., William A. Hines, Bill Downing, and Universal Fabricators, Inc.

[2] Governor Kathleen Babineaux Blanco, Secretary of State John Warner Smith, and the Louisiana Department of Labor.

2

plaintiffs asserted claims seeking to recover damages from the Louisiana defendants.

Emick J. Price, Sr. recently filed a Voluntary Motion to Dismiss with Prejudice all claims which he has asserted in the instant matter. The Motion was granted by Order of this Court dated October 11, 2005. Therefore, the only claims which remain pending before this Court are those asserted by Murline Price and, as was noted above, her first appearance as a plaintiff in this matter was made in the Third Amending Complaint. Both the Louisiana defendants and the Unifab defendants have now filed motions to dismiss Ms. Price's claims; each will be addressed separately.

Initially, the Louisiana defendants challenge this Court's authority to hear claims against them, asserting sovereign immunity as protected by the Eleventh Amendment to the United States Constitution. As has long been established, the Eleventh Amendment bars federal courts from asserting jurisdiction over damages claims against states except under those limited circumstances where the Congress has abrogated the Eleventh Amendment immunity or the state has consented to be sued in federal court. Pace v. Bogalusa City School Board, 403 F.3d 272, 276-277 (5th Cir. 2005) *(en banc)*. Ms. Price clearly has requested recovery of damages against the Governor of the State of Louisiana, the Secretary of State of the State of Louisiana, and the Louisiana Department of Labor; the State of Louisiana has not consented to be sued in federal court for these claims; and there has been no abrogation of Louisiana's sovereign immunity by the Congress for claims such as those asserted by Ms. Price. As such, the Eleventh Amendment prohibits this Court from asserting jurisdiction over Ms. Price's claims against the Louisiana defendants; for this reason, the Louisiana defendants' motion will be granted and the claims against them will be dismissed.

The second pending motion was filed by the Unifab defendants and requests dismissal of Ms. Price's claims on the grounds that they do not state a claim for which relief may be granted pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001), *citing* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Once again, as has been noted above, this Court has very closely reviewed the factual allegations made by Ms. Price. They are directed solely at the State's refusal to permit her to function as Mr. Price's "claimant representative" with regard to his claim for unemployment benefits. These allegations do not establish any possibility that Ms. Price could prove any set of facts at trial which would entitle her to relief from the Unifab defendants. In the absence of any allegation of any relationship between Ms. Price and any of the Unifab defendants, or the existence of any duty that any of the Unifab defendants might have owed to Ms. Price, the third amending complaint simply does not demonstrate the existence of any claim which could entitle her to relief. For this reason, the Unifab defendants' Motion to Dismiss will be granted.

For the reasons set forth hereinabove, this Court finds that it does not have jurisdiction over Ms. Price's claims against the Louisiana defendants and, moreover, that Ms. Price has not stated a claim for which relief could be granted against the Unifab defendants. The pending motions to dismiss will be granted and the plaintiff's claims dismissed in their entirety.

Lafayette, Louisiana this ____ day of October, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE